**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No. 3:24-cr-142(1) |
| Ross Sylvester Elendu, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Ross Sylvester Elendu moves to proceed pro se and to have standby counsel appointed. Doc. 82. He also moves for a status conference, for clarification of his representation status, and to expedite his Faretta hearing. Doc. 86. On June 8, 2026, in accordance with Faretta v. California, 422 U.S. 806 (1975), the court held a hearing at which Elendu, defense attorney Stormy Vickers, and the United States were present.

Faretta recognized a criminal defendant's right of self-representation, if—after being advised of the dangers and disadvantages of self-representation—the defendant voluntarily, intelligently, and unequivocally elects to waive the right to assistance of counsel. There is no question that Elendu is competent and he can communicate with his attorney with a reasonable degree of rational understanding, should he choose to do so. Nor is there a question that Elendu qualifies for court-appointed counsel. Elendu was represented by defense counsel at trial, and Mr. Vickers was present with him during his Faretta hearing.

According to records in the docket, Elendu is approximately 37 years old, has no physical illness or disability, and understands the English language. There is no reason to believe he had consumed any substance that might impact his ability to understand the nature and purpose of the June 8 hearing.

During the June 8 hearing, the court engaged in an extensive colloquy with Elendu, addressing his familiarity with and understanding of (1) his six convictions by a federal jury, (2) the statutory minimum and maximum custodial penalties, and financial penalties that could be ordered; (2) the advisory federal sentencing guidelines; (3) that the judge and court staff would be unable to assist him if he represented himself; and (4) the Federal Rules of Evidence and the Federal Rules of Criminal Procedure and that those rules would not be relaxed because of self-representation. Elendu acknowledged his "understanding" of each of those matters.

After the colloquy, the court told Elendu it would be a very bad idea for him to represent himself. But he confirmed his desire to represent himself and stated his decision was fully voluntary, not the result of threats or promises made to him, and not the result of financial concerns.

The court finds Elendu made a knowing and voluntary waiver of his right to counsel. The court advised Elendu that permission to represent himself could be revoked if he engaged in obstructionist behavior. See id. at 584-85. The appointment of standby counsel is warranted, and Mr. Vickers is appointed in that capacity. Should Elendu make the request, counsel will be appointed to represent him in all aspects of the case. Elendu's motion to proceed pro se and to be appointed standby counsel (Doc. 82) is **GRANTED**. Given this order and the June 8 hearing, Elendu's motion for a status conference, for clarification of his representation status, and to expedite his Faretta hearing (Doc. 86) are **MOOT**.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court